UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ARISTA RECORDS LLC, a Delaware
limited liability company; SONY BMG
MUSIC ENTERTAINMENT, a
Delaware general partnership;
INTERSCOPE RECORDS, a California
general partnership; and UMG
RECORDINGS, INC., a Delaware corporation,

    Plaintiffs,

v.

CONNIE VALVERDE, erroneously named
CONNIE VALVALERDE,

    Defendant.

Case : 2:06-cv-15640-AJT-DAS
Hon. : Arthur J. Tarnow

Jason R. Gourley (P69065)
Matthew E. Krichbaum (P52491)
SOBLE ROWE KRICHBAUM, LLP
Attorneys for Plaintiffs
221 North Main Street, Suite 200
Ann Arbor, MI 48104
(734) 996-5600

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.     Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the five sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Amended

Complaint, in the total principal sum of Three Thousand Seven Hundred Fifty Dollars ($3,750.00).

2. Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Four Hundred Twenty Dollars ($420.00).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Complicated," on album "Let Go," by artist "Avril Lavigne" (SR# 312-786);
- "Funky Y 2 C," on album "The Puppies," by artist "The Puppies" (SR# 195-963);
- "All Cried Out," on album "Allure," by artist "Allure" (SR# 241-069);
- "Gangsta Bitch," on album "Scorpion," by artist "Eve" (SR# 293-364);
- "It Wasn't Me," on album "Hot Shot," by artist "Shaggy" (SR# 286-657);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded

2

recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 4-4-06                By: /s/ Arthur J. Tarnow
                             HON. ARTHUR J. TARNOW
                             UNITED STATES DISTRICT JUDGE

3